IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brenda L. Coyle,<br><br>    Plaintiff,<br><br>vs.<br><br>Charter Schools USA, Inc., Charter Schools USA at Berkeley, LLC, and Berkeley Charter Education Association, Inc., | Civil Action No.: 2:24−cv−07305-DCN-SVH<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendants, states as follows:

PARTIES AND JURISDICTION

1.      Plaintiff, Brenda L. Coyle, ("Coyle") was, at all relevant times, a resident and citizen of the County of Berkeley, South Carolina.

2.      Upon information and belief, Defendant Berkeley Charter Education Association, Inc. ("BCEA") is a nonprofit South Carolina Corporation, which owns Mevers School of Excellence ("Mevers"), a public charter school located in Berkeley County, South Carolina.

3.      Charter Schools USA, Inc. ("CSUSA") is a Delaware corporation, registered in the State of South Carolina, that does business and maintains offices and agents, in the County of Berkeley, South Carolina.

4.      Charter Schools USA at Berkeley LLC ("CSUSA-Berkeley") is a Florida corporation, registered in the State of South Carolina, that does business and maintains offices and agents, in the County of Berkeley, South Carolina.

5.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), 42 U.S.C. §1981, and 42 U.S.C. 1983.

6.      Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resided in the district at all relevant times, and

BCEA, CSUSA, and CSUSA-Berkeley do business in the district, and all events giving rise to Plaintiff's claims occurred in the District and Division.

7. On information and belief, BCEA, CSUSA and CSUSA-Berkeley are all employers with 15 or employees.

8. CSUSA, CSUSA-Berkeley and BCEA are all subject to 42 U.S.C. §2000e ("Title VII")

9. CSUSA, CSUSA-Berkeley and BCEA are subject to 42 U.S.C. § 1981.

10. In the event that BCEA is determined to be a government entity, BCEA and its agents and employees are subject to 42 U.S.C. §1983.

11. Plaintiff timely filed her complaint with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC") and the alleging discrimination based upon color.

12. Plaintiff received from the EEOC a Notice of a Right to Sue on September 16, 2024.

13. Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

14. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

15. Plaintiff is a Caucasian female over the age of 40.

16. Plaintiff holds a B.A. and two master's degrees, one of which is in education.

17. Per the South Carolina Department of Education, Plaintiff holds certificate as a primary and secondary administrator, and as an early childhood and elementary educator.

18. Plaintiff first became employed by CSUSA, to serve as an Assistant Principal at Mevers, on October 31, 2019.

19. As Assistant Principal, Coyle supported the Principal in the administration of Mevers, which did, and does, serve kindergarten through eighth grade students.

20. Plaintiff served in the role of Assistant Principal until December 10, 2020, at which time she was promoted to Principal in Training.

21. On August 4, 2021, Plaintiff formally assumed the role of Principal. She received the designation of Scholar Principal on August 17, 2022.

22. During her tenure at Mevers, Plaintiff achieved success in eliminating debt, enhancing revenue, tapping additional available funding, increasing enrollment and improving overall academic performance, among other accommmplishments.

23. Her performance evaluations were consistently strong.

24. On May 31st 2023, without any notice at all, Plaintiff was confronted by repesentatives of CSUSA and told that she was to immediately tender her resignation or she would be fired. No explanation was provided. She was told that, if she resigned, her pay would be continued for another month, until June 30, 2023, that she would be paid for unused personal time off, and that her record at Mevers would reflect voluntary resignation.

25. With no time to thoughtfully consider her options, and no real choice, Plaintiff resigned.

26. Plaintiff was replaced by Kenneth Coles ("Coles"), an African American, male.

27. Coles held, and holds, no South Carolina certification as an administrator, or even as an educator. He has limited experience, and much less education than Plaintiff.

28. Defendants offer no legitimate non-discriminatory reason for the decision to force Plaintiff out of her job. The only explanation is a pretext.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE AND
SEX
(Against all Defendants)

29. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

30. Plaintiff, as a Caucasian female, is a member of protected classes under Title VII.

31. Throughout her employment with Defendants, Plaintiff was performing her job satisfactorily.

32. Plaintiff was forced out of her job.

33. Plaintiff was replaced in her job by an African American male, who was far less qualified.

34. Defendants have offered no legitimate, non-discrimintory reason for their actions.

35. As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

36. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. § 1981
RACE DISCRIMINATION
(Against all Defendants)

37. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

38. Plaintiff is a Caucasian female.

39. Throughout her employment with Defendants, Plaintiff was performing her job satisfactorily.

40. Plaintiff was subjected to an adverse employment action by Defendants by being forced out of her employment.

41. As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

42. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly,

recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

43. But for Plaintiff's race, Defendants would not have terminated Plaintiff's employment.

44. Plaintiff was discriminated against in violation of 42 U.S.C. 1981.

45. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

46. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from Defendants.

<u>FOR A THIRD CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. §1983</u>
(Against BCEA)

47. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

48. Plaintiff is Caucasian female.

49. Plaintiff was discriminated against and discharged in violation of 42 U.S.C. § 1983.

50. At the time Plaintiff was discharged from her employment, she was performing the functions of her employment in a matter which met her employer's expectations.

51. Defendants' treatment of Plaintiff as described above violated her substantive and procedural due process rights in violation of 42 U.S.C. § 1983.

52. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

53. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants. Plaintiff further seeks to be reinstated to her position.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendants: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

s/John F. Emerson

John F. Emerson (Federal Bar #05900jfe)
EMERSON LAW, LLC
1470 Ben Sawyer Blvd. Suite 15
Mt. Pleasant SC 29464
Telephone: 843/929-0606
Email: john@johnemersonlaw.com
Attorney for Plaintiff

December 16, 2024
Mt. Pleasant, South Carolina